UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> WILLIAM N. VINNIE, JR., <br> Defendant. | No. CR04-326RSL <br><br> ORDER DENYING DEFENDANT'S MOTION TO MODIFY SENTENCE |

## I. INTRODUCTION

This matter comes before the Court on defendant's "Pro Se Motion to Modify Sentence" (Dkt. #78). In his motion, defendant requests a sentence reduction under 18 U.S.C. § 3582(c) based on Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses. Having considered the motion, along with defendant's memorandum in support (Dkt. #81) and the government's response (Dkt. #82), the Court denies defendant's motion for the reasons set forth below.

## II. DISCUSSION

**A. Background**

Defendant was sentenced in October 2006 for distribution of cocaine and cocaine base. See Dkt. #62. Because he qualified as a career offender under the Sentencing Guidelines, his

ORDER DENYING DEFENDANT'S MOTION
TO MODIFY SENTENCE

offense level started at level 32.  It was reduced to level 29 for acceptance of responsibility. With a criminal history category of VI, his sentencing range was 151 to 188 months.  The Court departed downward and imposed a sentence of 98 months.

In 2007, the United States Sentencing Commission issued Amendment 706, lowering the base offense level for cocaine base offenses by two levels, and applied the amendment retroactively.  Defendant subsequently filed this motion to modify his sentence.

**B. Analysis**

Under the Sentencing Reform Act, the Court may reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  When an amendment to the guidelines has no effect on a defendant's sentencing range, a motion for a reduced sentence under § 3582(c)(2) is properly denied.  United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996); see also United States v. Navarrete, CR91-1041FDB (W.D. Wash. Apr. 15, 2008).

In the present case, the amendment to the cocaine base guidelines does not affect defendant's offense level or guideline range because defendant still qualifies as a career offender.  Under U.S. Sentencing Guidelines Manual § 4B1.1, the offense level for career offenders remains the same, and, therefore, defendant's sentencing range remains at 151 to 188 months.  Although the Court chose to depart from the applicable guideline range in imposing its sentence of 98 months, defendant's sentencing range has not been lowered by the Sentencing Commission and therefore 18 U.S.C. § 3582(c)(2) does not authorize a reduction in defendant's sentence.  In denying defendant's motion, the Court joins the multitude of district courts which have found that career offender status renders defendants ineligible for sentence reduction pursuant to Amendment 706.  See, e.g., United States v. Green, CR98-5067BHS (W.D. Wash. July 8, 2008); United States v. Jones, 2008 WL 717684 (S.D. Fla. Mar. 17, 2008); United States

v. Pizarro, 2008 WL 351581 (D.N.H. Feb. 8, 2008).

### III. CONCLUSION

For all of the foregoing reasons, defendant's motion to modify his sentence (Dkt. #78) is DENIED.

DATED this 18th day of September, 2008.

*MMt S Casnik*
Robert S. Lasnik
United States District Judge