UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

WILLIAM N. VINNIE, JR.,

Defendant.

Case No. CR04-326RSL

ORDER DENYING MOTION
TO REDUCE SENTENCE

This matter comes before the Court on Defendant's "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and (c)(1)(B)" (Dkt. # 88). Defendant asks the Court to reduce his 98-month sentence in light of Amendment 750 to the United States Sentencing Guidelines. The Court DENIES the motion.

## I. BACKGROUND

On September 6, 2006, Defendant pleaded guilty to possession of cocaine and cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Dkt. ## 47, 50. Defendant had a criminal history category of VI and scored a base offense level of 25 under the pre-amendment Drug Quantity Tables in U.S.S.G. § 2D1.1. Dkt. # 47 at 4. Notably, though, Defendant also qualified as a career offender under U.S.S.G. § 4B1.1. And under § 4B1.1, he scored a base offense level of 32. Dkt. # 84. Because this base offense score exceeded Defendant's "crack score," the Court applied it as required. § 4B1.1 ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense

ORDER DENYING MOTION TO REDUCE SENTENCE - 1

level from the table in this subsection shall apply."). Dkt. # 84. After dropping three points for Defendant's acceptance of responsibility, the Court departed downward from the § 4B1.1 range of 151 to 188 months to impose a sentence of 98 months. Id.

On August 5, 2008, Defendant filed a motion to reduce his sentence in light of Amendment 706 to the United States Sentencing Guidelines. Dkt. ## 78, 81. Noting that Defendant was sentenced pursuant to § 4B1.1, and not § 2D1.1, the Court denied the motion. Dkt. # 84. In denying Defendant's subsequent motion for reconsideration, the Court explained that, regardless of whether Defendant was eligible for a reduction, the Court declined to exercise its discretion to further reduce his sentence. Dkt. # 86.

## II. DISCUSSION

### A. Eligibility

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007). Section "3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: (1) the sentence is 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission' and (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009); accord U.S.S.G. § 1B1.10(a) (the policy statements). As in 2008, Defendant satisfies neither prong.

To be clear, Amendment 750 did make substantial changes to the manner in which cocaine base scores under § 2D1.1. That is not the issue here. The issue is that Defendant was not sentenced pursuant to § 2D1.1. He was sentenced "based on" his status as a § 4B1.1 career offender—a provision that has not "been lowered by the Sentencing Commission." Id. at 731. Thus, he is not entitled to a sentence reduction under the Guidelines. § 1B1.10 ("In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this

ORDER DENYING MOTION TO REDUCE SENTENCE - 2

policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."); see Wesson, 583 F.3d at 732 ("Because Wesson was designated a career offender, his sentence was based not on § 2D1.1 but on § 4B1.1, and thus Amendment 706 has no effect on his applicable guideline range."); United States v. Waters, 648 F.3d 1114, 1116–17 (9th Cir. 2011).

In arguing to the contrary, Defendant relies primarily on United States v. Ware, --- F. Supp. 2d ----, 2012 WL 38937 (E.D. Pa. 2012). There, the district court granted a defendant's request to modify his sentence pursuant to Amendment 750, because, like here, the court had departed downward from the applicable career offender range when it originally sentenced the defendant to impose a sentence within the otherwise applicable § 2D1.1 range. Id. at *2–3. To justify its decision, the court relied on decisions from the First, Second, Third, and Fourth Circuits in which each found the Guidelines ambiguous as to whether courts should use a defendant's pre-departure range or post-departure range to determine his "applicable guidelines range" for purposes of eligibility for sentence modification.[1] Id. at *8–9 (citations omitted). Agreeing with each that the post-departure range should be employed, the Ware court concluded that it had thus "'actually used' the Crack Cocaine Guidelines range, rather than the Career

---

[1] The Sixth, Seventh, Eighth, and Tenth Circuits held otherwise. E.g., United States v. Guyton, 636 F.3d 316, 319–20 (7th Cir. 2011); United States v. Pembrook, 609 F.3d 381, 384–85 (6th Cir. 2010); United States v. Darton, 595 F.3d 1191, 1196–97 (10th Cir. 2010); United States v. Tolliver, 570 F.3d 1062, 1065–66 (8th Cir. 2009). In reality, so did the Third Circuit—noting that an ambiguity existed only in regard to motions filed before the 2003 Guidelines amendments took effect. United States v. Flemming, 617 F.3d 252, 270–71 (3d Cir. 2010). The Ninth Circuit never reached the question. Wesson, 583 F.3d at 732.

ORDER DENYING MOTION TO REDUCE SENTENCE - 3

Offender Guidelines range," and that the defendant was therefore eligible for a reduction. Id. (citations omitted). This Court is not persuaded.

Importantly, even those circuits upon which Ware purports to rely recognize that the Sentencing Commission has since resolved any ambiguity that may have existed when it clarified in 2011 that a defendant's "applicable guideline range" is his <u>pre-departure</u> range—the one "determined before consideration of any departure provision in the Guidelines Manual or any variance." § 1B1.10 cmt. 1; <u>e.g.</u>, Rivera, 662 F.3d at 183–84. As a result, even in those circuits, eligibility for a Amendment 750 reduction is now determined based on the applicable <u>pre-departure</u> range. Rivera, 662 F.3d at 183–84 (noting that the 2011 "amendment will prescribe the precise construction of 'applicable guideline range' that we refuse to give the existing guideline, <u>i.e.</u>, it is the pre-departure range from the initial sentencing" and would thus require it to deny Rivera's a reduction)[2]; <u>cf.</u> Flemming, 617 F.3d at 270–71 (limiting its holding to pre-2003 amendment motions).

Thus, Ware stands entirely alone in concluding that defendants are nonetheless eligible for reduction based on their post-departure ranges. Compare 2012 WL 38937, at *8–9, <u>with</u> United States v. Carrigan, No. 3:04cr250, 2012 WL 716159, at *8 n.7 (M.D. Pa. March 5, 2012) (disagreeing with Ware and its rationale), <u>and</u> United States v. Hilliard, No. 05–175, 2012 WL 425968, at *6 & n.3 (W.D. Pa. Feb. 9, 2012) (same). It justifies that position by concluding that the Commission's statement actually conflicts with Justice Sotomayor's controlling position in Freeman v. United States, 131 S. Ct. 2685 (2011) (Sotomayor, J., concurring). The Court finds two problems with that

---

[2] The Rivera court noted explicitly that "the proposed amendment will preclude sentence modifications in situations like the one in McGee." 662 F.3d at 183. Thus, the amendments would appear to have also closed any window left open in Wesson. 583 F.3d at 732 ("Had the district court concluded that Wesson's career offender status overstated the seriousness of his criminal history and adopted a sentencing range calculation premised on his § 2D1.1 base offense level, our conclusion might be different." (citing United States v. McGee, 553 F.3d 225, 227 (2d Cir. 2009)).

ORDER DENYING MOTION TO REDUCE SENTENCE - 4

conclusion. First, Freeman had little to do with the question at hand: whether to rely on a defendant's pre- or post-departure range. And, even if it had, this Court cannot ignore that Freeman pre-dated the Commission's amendment of § 1B1.10 and that the Supreme Court has stated on many occasions that the Commission's statements regarding sentence modification, specifically those contained at § 1B1.10, are determinative. Braxton v. United States, 500 U.S. 344, 348 (1991) ("In addition to the duty to review and revise the Guidelines, Congress has granted the Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect, 28 U.S.C. § 994(u). This power has been implemented in U.S.S.G. § 1B1.10, which sets forth the amendments that justify sentence reduction." (third emphasis added)); accord Dillon v. United States, 130 S. Ct. 2683, 2691 (2010) ("A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a).").

Second, to be frank, the Court sees no conflict. As Justice Sotomayor stated in Freeman, sentence modification is a creature of statute, not judicial construction. 131 S. Ct. at 2697 ("Congress intended [§ 3582(c)(2)] to authorize only a limited adjustment to an otherwise final sentence." (quoting Dillon, 130 S. Ct. at 2691). As a result, courts may reduce a term of imprisonment only as authorized by § 3582(c)(2). E.g., Dillon, 130 S. Ct. at 2691. And § 3582(c)(2) permits modification only when "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(2). There is thus no escaping § 1B1.10.

In sum, Defendant is not eligible for a sentence reduction.

**B. Discretion**

Finally, even assuming that Defendant would be eligible for a reduction, the Court declines to exercise its discretion to reduce his sentence. See Dillon, 130 S. Ct. at 2692. The Court weighed each of the § 3553(a) factors at the original sentencing and

ORDER DENYING MOTION TO REDUCE SENTENCE - 5

found that a sentence of 98 months was "sufficient, but not greater than necessary." Defendant has not raised even an argument, let alone submitted any evidence, to cause the Court to revisit that conclusion. See United States v. Lightfoot, 626 F.3d 1092, 1096 (9th Cir. 2010) ("The district court did exactly that, and declared that Lightfoot's behavior 'has done nothing to alleviate the Court's concern' that he is a danger to the community, that the original sentence 'was appropriate,' and that it remains so.").

### III.  CONCLUSION

For all of the foregoing reasons, Defendant's motion is DENIED.

DATED this 22nd day of March, 2012.

*[signature]*
Robert S. Lasnik
United States District Judge